UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. _____

GUANGDONG GALANZ MICROWAVE
OVEN AND ELECTRICAL APPLIANCES
MANUFACTURING CO., LTD.,
GUANGDONG GALANZ MICROWAVE
ELECTRICAL APPLIANCES
MANUFACTURING CO., LTD., AND
ZHONGSHAN GALANZ CONSUMER
ELECTRIC APPLIANCES CO., LTD.,

    Plaintiffs,

v.

SUNBEAM PRODUCTS, INC.,

    Defendant.

_____

# COMPLAINT

Plaintiffs, which will collectively be referred to as "Galanz," bring this case against Sunbeam Products, Inc. ("Sunbeam") in order to prevent it from terminating a trademark license agreement as retribution for what Sunbeam perceives to be a breach of an unrelated agreement whereby Galanz manufactures small appliances for Sunbeam, and alleges as follows:

## PARTIES

1.    Plaintiffs are commonly owned companies that manufacture home appliances including microwave ovens, refrigerators, dishwashers, ranges, and washing machines.  Each of Plaintiffs Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd. ("Galanz Microwave Oven"), Guangdong Galanz Microwave Electrical Appliances Manufacturing Co., Ltd. ("Galanz Microwave Electrical"), and Zhongshan Galanz Consumer

1

Electric Appliances Co., Ltd. ("Galanz Consumer") are Chinese limited liability companies with their principal place of business in Guangdong Province, China.

2. Sunbeam is a Delaware corporation with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida. Upon information and belief, Sunbeam primarily sells finished goods it purchases from third party manufacturers and also licenses its name for others to place on sundry items.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 as the amount in controversy is in excess of $75,000 and there is complete diversity between the parties. Venue is properly found in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district.

## FACTS

4. Since 2008 Sunbeam has licensed its *Sunbeam* and *Oster* trademarks to Galanz or Galanz affiliates for use on microwave ovens. Apparently pleased with Galanz's performance over a twelve-year period, Sunbeam entered into the January 1, 2020 License Agreement (the "License Agreement") at issue here, pursuant to which, among other things, Sunbeam licensed those marks for use on microwave ovens and refrigerators.

5. Pursuant to Section 6, the term of the License Agreement is January 1, 2020 - December 31, 2022 "unless earlier terminated in accordance with the provisions of the [License] Agreement," which are set forth in Section 10 to Schedule A of the License Agreement.

6. In accordance with the License Agreement, Galanz has manufactured, and continues to manufacture, microwave ovens and refrigerators bearing the *Sunbeam* and *Oster*

2

trademarks for sale into the United States. Its customers include Target, BJ's Wholesale, and BrandsMart.

7. In September 2020, a dispute arose between Galanz Microwave Electrical and Sunbeam concerning an unrelated agreement between the parties pursuant to which Galanz Microwave Oven manufactured products for sale to Sunbeam (the "Supply Agreement"), resulting in Sunbeam commencing an action titled <u>Sunbeam Products, Inc. v. Guandong Galanz Microwave Electrical Appliances Manufacturing Co., Ltd.</u>, CASE NO. 1:20-cv-23822-KMW.

8. On October 12, 2020, Galanz's Senior Sales Director for North American Sales Ruiling (Rachel) Zhuang and Wai Keung (Benjamin) Leung, who is the Vice-chairman of Galanz, had a telephone conversation with Mahmoud Ismail of Sunbeam in which Mr. Ismail told them that Sunbeam will terminate its entire relationship with Galanz, including the License Agreement, if Galanz does not agree to Sunbeam's demands relating to the dispute over the Supply Agreement.

9. Sunbeam has no basis for terminating the License Agreement under Section 10 of Schedule A as Galanz is in compliance with all its obligations thereunder and Sunbeam has never claimed otherwise. Any termination of the License Agreement by Sunbeam would therefore be without basis and in breach of the License Agreement.

10. Galanz would be irreparably harmed if the License Agreement is improperly terminated by Sunbeam because there would be permanent damage to established customer relationships and loss of irretrievable market share that would be occupied by Galanz's competitors.

11. Galanz has approximately 89 purchase orders for approximately $10.9 million of goods to be delivered this year to about ten customers. Galanz's customers depend on Galanz to

supply them with refrigerators and microwave ovens during a time when there has been increased demand by consumers due to COVID-19.  For example, Galanz supplies Target with approximately 60-70% of the microwave ovens that Target sells, all of which use either the *Sunbeam* or *Oster* marks.

12. If Galanz were precluded from fulfilling Target's purchase orders, as well as orders for the other customers who sell Galanz-manufactured products under the License Agreement, those customers would lose faith in Galanz's ability to be a reliable supplier and cause permanent damage to Galanz's brand, goodwill and reputation.

13. Galanz's harm will be exacerbated by the fact that its customers would be forced to turn to Galanz's competitors to address the lack of supply.  Galanz operates in a highly competitive industry, and its competitors would seek to capitalize on any reputational damage to Galanz and poach Galanz's customers.

## COUNT I – DECLARATORY JUDGMENT

14. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1- 13 above as if fully set forth herein.

15. Plaintiffs bring this action within the jurisdictional limits of this Court, seeking a declaratory judgment, pursuant to §86.011, Florida Statutes and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

16. A dispute and actual controversy have arisen as to rights of the parties involved therein regarding the parties' License Agreement and Sunbeam's desire to terminate the License Agreement to gain leverage in a dispute involving an unrelated agreement.

17. Plaintiffs have a present, *bona fide* and practical need for the declaration as a determination will directly affect its rights under the License Agreement, which is in full force and effect, regardless of any claims arising under an unrelated agreement.

18. Plaintiffs seek a declaration that Sunbeam does not have the right to terminate the License Agreement and that such agreement remains in full force and effect.

19. Accordingly, Plaintiffs are without an adequate remedy at law and will suffer irreparable harm if the requested relief is not granted.

20. The relief sought relates to an actual controversy as to Sunbeam's right to terminate the License Agreement.

**WHEREFORE**, Plaintiffs request a Judgment in favor of Plaintiffs:

a. Declaring that Sunbeam does not have the right to terminate the License Agreement and that such Agreement is in full force and effect;

b. Preliminarily enjoining Sunbeam from terminating the License Agreement;

c. Permanently enjoining Sunbeam from terminating the License Agreement for any reason other than those set forth in Section 10 of Schedule A of the License Agreement;

d. Granting Galanz its attorney fees incurred in connection with this action pursuant to Article 27 of the License Agreement; and

e. For such other and further relief as this Court may deem just and appropriate.

| | |
|---|---|
| Dated: October 16, 2020 | **BLANK ROME LLP** |//

Dated: October 16, 2020                    **BLANK ROME LLP**

*/s/ Anthony R. Yanez*
Anthony R. Yanez (Florida Bar No. 45219)
ayanez@blankrome.com
Broward Financial Centre
500 East Broward Boulevard | Suite 2100
Fort Lauderdale, FL 33394
Tel.:   954.512.1800
Fax:   954.512.1818

Kenneth L. Bressler (*pro hac vice pending*)
KBressler@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
Tel.:   212.885.5203
Fax:   212.885.5001

*Attorneys for Plaintiffs*